UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

AKEEM SMITH,                                          :
                                                      :
                              Plaintiff,              :
                                                      :          MEMORANDUM & ORDER
            -against-                                 :
                                                      :            1:22-mc-00931 (ENV)
UNITED STATES OF AMERICA,                             :
                                                      :
                              Defendant.              :
                                                      :
----------------------------------------------------------------- x

VITALIANO, D.J.

      Plaintiff Akeem Smith, proceeding *pro se*, has moved to expunge the record of his 2011

conviction on one count of importation of cocaine, *United States v. Smith*, No. 1:10-cr-00940-03

(RRM) (E.D.N.Y. Nov. 23, 2011).  Smith cites embarrassment and the delays his felony

conviction had produced in his successful obtainment of a nursing license, as well as his desire

to, in his own words, "beat the odds by overcoming adversity and not making this situation

determine who I am."

      *Doe v. United States*, 833 F.3d 192, 196-99 (2d Cir. 2016), perforce, deprives the Court

of subject-matter jurisdiction over this motion.  As *Doe* explained, *Kokkonen v. Guardian Life

Insurance Company of America*, 511 U.S. 375 (1994), limited district courts' ancillary

jurisdiction over expungement to those instances where court action "is necessary … to enable a

court to function successfully, that is, to manage its proceedings, vindicate its authority, and

effectuate its decrees." *Id.* at 379–80.  In line with that rule, a court lacks jurisdiction over an expungement motion that, as here, pertains to a sentence already concluded and fails to allege that a conviction is invalid.  As a result, the motion is denied, and plaintiff's application dismissed.

Recognizing plaintiff's *pro se* status, and with admiration for his hard-fought professional achievements, the Court regards his application with appropriate solicitude.  The constraint of precedent, however, extends even to the possible restyling of plaintiff's application as one for sealing, inasmuch as courts analyze motions to seal and expunge a criminal record under the same standard.  *See Fernandez v. United States*, 2009 WL 2227140, at n.2 (E.D.N.Y. 2009) (collecting cases).  Given the legal futility of Smith's request, leave to replead will not be granted.

<u>Conclusion</u>

For the reasons set forth above, this case is dismissed without prejudice for want of

jurisdiction.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this order

to the *pro se* plaintiff and to close this case for administrative purposes.

So Ordered.


Dated: Brooklyn, New York
      June 14, 2022


                             **/s/ Eric N. Vitaliano**
                             ERIC N. VITALIANO
                             United States District Judge